# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

IGT, a Nevada Corporation,

    Plaintiff,

vs.

SCRAPPY ELEGANT GAMING, LLC, DARRYL ROSENBLATT and JAMIE LEIGH KLINGLER,

    Defendants.

Case No. 2:17-cv-02532-RFB-GWF

**ORDER**

    This matter is before the Court on Plaintiff's *Ex Parte* Motion to Enlarge Time to Effectuate Service of Process and for Service by Publication (ECF No. 35), filed on November 22, 2017.

    Pursuant to Fed. R. Civ. P. 4(e), the state statutes in which the District Court is held are followed in matters pertaining to service of summons by publication. Nev. R. Civ. P. 4(e)(1)(i) states that the court may permit service by publication if, after due diligence shown, the plaintiff is unable to find the defendant(s) within the state, or they are avoiding the service of summons. The plaintiff must prove this to the satisfaction of the court either by affidavit or by a verified complaint. The Nevada Supreme Court has held that there is no objective, formulaic standard for determining what is, or is not, due diligence. *Abreu v. Gilmer,* 985 P.2d 746, 749 (1999).

    Nev. R. Civ. P. 4(d)(1), which governs service on Nevada corporations, states as follows:

> [W]hen for any reason service cannot be had in the manner hereinabove provided, then service may be made upon such entity by delivering to the secretary of state, or the deputy secretary of state, a copy of said summons attached to a copy of the complaint, and by posting a copy of said process in the office of the clerk of the court in which such action is brought or pending; defendant shall have 20 days after such service and posting in which to appear and answer;

    In addition, once the twenty days have elapsed, the plaintiff shall send a copy of the

summons and complaint by certified mail to the corporation at its officer's last known address. Nev. R. Civ. P. 4(d)(1).

Plaintiff argues that it has shown due diligence. First, with respect to Defendants Rosenblatt and Klingler[1], Plaintiff has attempted personal service on multiple occasions. Plaintiff attempted to serve Defendants during the G2E trade show, at Defendants' last known address in Davisburg, Michigan, at Defendants' last known address in Las Vegas, Nevada and through Defendants' last known counsel. Motion (ECF No. 35), pgs 3-5; *See also Notices of Due Diligence* (ECF Nos. 19-22). In addition, Plaintiff represents that its counsel has communicated with Defendant Rosenblatt (via telephone and email) on several occasions and during such time, Defendant Rosenblatt represented that Defendants would waive service. *Id.* However, after sending Defendants a copy of the summons and complaint as well as a request to waive service form, Defendants Rosenblatt and Klingler have yet to return an executed waiver.

Defendant Scrappy Elegant Gaming, LLC ("Scrappy") is a revoked Nevada corporation. *Id.* at pg. 5; *see also Appendix to Plaintiff's Emergency Motion for Temporary Restraining Order* (ECF No. 11), Exhibit G. Scrappy's sole member was Defendant Klingler. Plaintiff represents that it has attempted to serve Scrappy through Defendants Klinger and Rosenblatt (during each attempt at personal service) and through Scrappy's last known counsel. In addition, Plaintiff represents that it has mailed a copy of the summons and complaint to Scrappy's last known address along with a waiver of service request. None of Plaintiff's service attempts were successful and Scrappy has not executed a service waiver.

Based on the foregoing, the Court finds that Plaintiff has demonstrated due diligence that warrants an order allowing Defendants Rosenblatt and Klingler to be served by publication and allowing Defendant Scrappy to be served through the Nevada Secretary of State. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Ex Parte* Motion to Enlarge Time to Effectuate Service of Process and for Service by Publication (ECF No. 35) is **granted**. Defendants Darryl

---

[1] Plaintiff is informed and believes that Defendants Rosenblatt and Klingler are husband and wife. *Motion* (ECF No. 35), pg. 2.

Rosenblatt and Jamie Leigh Klingler may be served by Plaintiff through publication of the summons and complaint in this case at least once a week for four (4) consecutive weeks in the Nevada Legal News, which is a newspaper of general circulation published in Las Vegas, Nevada.

**IT IS FURTHER ORDERED** that Plaintiff is authorized to serve process upon Defendant Scrappy Elegant Gaming, LLC as provided by Nevada Rule of Civil Procedure 4(d)(1) through service on the Nevada Secretary of State.

**IT IS FURTHER ORDERED** that Plaintiff shall deposit a copy of the summons and complaint in the post office via first class certified mail, directed to Defendants' Darryl Rosenblatt, Jamie Leigh Klingler and Scrappy Elegant Gaming, LLC at their last known physical addresses: 8665 Tindall Road, Davisburg, MI 48350.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **February 18, 2018**, to complete service upon Defendants.

DATED this 29th day of November, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge